UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT URBANA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 02-20040 |
| EDWARD M. DOUGLAS, | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE  TO DEFENDANT'S MOTION
FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE**

The United States of America, by Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Richard N. Cox, Assistant United States Attorney, respectfully responds to and moves this Court to dismiss the defendant's motion for new trial based on newly discovered evidence because it is not timely.  In support, the government submits the following:

1. On May 3, 2002, the defendant was charged in a two-count indictment with distributing cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1).  On February 27, 2003, following a jury trial, the defendant was found guilty on both counts.  On June 6, 2003, the defendant was sentenced to a mandatory term of life imprisonment on Count Two and to a concurrent term of 168 months of imprisonment on Count One.

2. The defendant filed a direct appeal.  The appellate court affirmed the

defendant's conviction and sentence.  *United States v. Douglas*, 408 F.3d 922 (7th Cir. 2005).

  3.  On March 13, 2006, the defendant filed the instant motion for new trial.  In his motion, the defendant claims he has newly discovered evidence consisting of "jailhouse" statements allegedly made by the confidential informant used by the police in the investigation of this case.  It is unclear from the motion whether the defendant contends this newly discovered evidence suggests that he is innocent of the crimes or merely impeaches the defendant's own witness.  Regardless of the defendant's claimed basis, his motion must be dismissed because it is not timely.

  4.  In relevant part, Rule 33 of the Federal Rules of Criminal Procedure provides that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict . . . ."  The instant motion was filed more than three years after the verdict, which was returned on February 27, 2003.

  5.  In *Eberhart v. United States*, 126 U.S. 403 (2005), the Supreme Court determined that the time limits set forth in Rule 33 were "claim-processing rules" rather than a limitation on a court's jurisdiction.  Specifically, the Court held:

> Rule 33 . . . is a claim-processing rule – one that is admittedly inflexible because of Rule 45(b)'s insistent demand for a definite end to proceedings.  These claim-processing rules thus assure relief to a party properly raising them, but do not compel the same result if the party forfeits them.

*Id*. at 407.  Because the defendant has filed his motion outside of the authorized time limit set forth in Rule 33, and the government has properly raised the untimeliness, the

motion must be dismissed.

Wherefore, the United States respectfully asks this Court to dismiss the defendant's motion for new trial based on newly discovered evidence..

>Respectfully submitted,
>
>RODGER A. HEATON
>United States Attorney
>
>s/ RICHARD N. COX
>RICHARD N. COX, Bar No. IL 0532258
>Assistant United States Attorney
>United States Attorney
>201 S. Vine St., Suite 226
>Urbana, IL 61802
>217/373-5875
>FAX: 217-373-5891
>richard.cox@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Robert A. Alvarado
>Assistant Federal Public Defender
>Peoria, IL61602

>s/ RICHARD N. COX
>RICHARD N. COX, Bar No. IL 0532258
>Assistant United States Attorney
>United States Attorney
>201 S. Vine St., Suite 226
>Urbana, IL 61802
>217/373-5875
>FAX: 217-373-5891
>richard.cox@usdoj.gov