E-FILED

Thursday, 28 May, 2009  03:34:37 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 02-CR-20040 |
| | ) | |
| EDWARD DOUGLAS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

On October 30, 2008, Defendant, Edward Douglas, filed a pro se Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582(c) (#112). That same day this court appointed the Federal Defenders Office to represent Defendant. Federal Defender Staff Attorney Jonathan Hawley became Defendant's appointed counsel. On October 31, 2008, Defendant's counsel Hawley filed a Motion to Withdraw as Counsel Due to Conflict of Interest(#113), which was granted by this court. J. Steven Beckett was then appointed as counsel. On May 7, 2009, defense counsel Beckett filed his own Motion to Withdraw (#119). For the following reasons, this court GRANTS defense counsel's Motion to Withdraw as Counsel (#119).

## BACKGROUND

On February 27, 2003, Defendant was convicted following jury trial of one count of distribution of more than 5 grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) and one count of distribution of 50 grams or more of cocaine base (crack) in violation

of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii).  The offense carried a statutory mandatory minimum

penalty of life imprisonment, due to prior felony drug convictions pursuant to 21 U.S.C. § 841

(b)(1)(A)(iii).  The Revised Pre-Sentence Report (PSR), which this court adopted at sentencing on

June 6, 2003, reported that Defendant was accountable for 140.9 grams of crack, resulting in a base

offense level of 32.  The PSR concluded with a total offense level of 32.  Defendant's criminal

history category was II, leading to an initial guideline imprisonment range of 135 to 168 months.

Under United States Sentencing Guideline § 5G1.1(b), however, because the statutory mandatory

minimum sentence was greater than the maximum of the initial guideline range, the guideline

sentence became life in prison. Defendant was sentenced to life in prison.

On October 30, 2008, Defendant filed his pro se Motion for Retroactive Application of the

Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582(c) (#112).  Defense

counsel Beckett filed his Motion to Withdraw as Counsel (#119) on May 7, 2009.  In the Motion,

defense counsel only says that he is withdrawing because he has reviewed the case and found that

no relief could be granted under the present circumstances.  Counsel believes that no substantive

issue can be raised in good faith at this time under the applicable law regarding crack cocaine

disparity.  Although it is not specifically mentioned in the motion, a review of the record indicates

that counsel's motion for withdraw is dependent on the fact that Defendant was sentenced pursuant

to a statutory mandatory minimum, and not the sentencing guidelines.

ANALYSIS

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment

once it has been imposed except:

"[I]n the case of a defendant who has been sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered by the

Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant

or the Director of the Bureau of Prisons, or on its own motion, the court may reduce

the term of imprisonment, after considering the factors set forth in section 3553(a)

to the extent that they are applicable, if such a reduction is consistent with applicable

policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

A reduction is not consistent with applicable policy statements if "the amendment does not

have the effect of lowering the defendant's applicable guideline range because of the operation of

another guideline [e.g., a career offender override] or statutory provision (e.g., a statutory mandatory

minimum term of imprisonment)."  U.S.S.G. § 1B1.10 comment n. [1(A)].

In United States v. Poole, 550 F.3d 676 (7th Cir. 2008), the defendant, following the reduction

of her sentence for distributing five or more grams of crack, moved for a further sentencing reduction

based on reduction in base offense level for crack offenses.  The district court denied her motion to

modify based on 18 U.S.C. § 3582(c)(2) on the ground that she was ineligible for a reduction. Poole,

550 F.3d at 678.  The defendant appealed, arguing that her sentence was based on a sentencing range

subsequently lowered by the Guidelines Amendment 706 pertaining to crack offenses.

The Seventh Circuit rejected the defendant's argument.  The sole issue on appeal for the

Seventh Circuit was whether the district court had jurisdiction to revisit the defendant's sentence

based on Amendment 706.  Poole, 550 F.3d at 678.  The Seventh Circuit found that the defendant's

sentence was based on a statutory mandatory minimum, not a sentencing range that Amendment 706

lowered.  The court noted that the district court judge initially calculated a guidelines range of 87-

108 months, however a prior felony court conviction subjected the defendant to a statutory minimum

sentence of 120 months.  Because under U.S.S.G. § 5G1.1(b) the statutory minimum exceeded the otherwise applicable guideline range, the statutory minimum became the defendant's guidelines sentence.  Poole, 550 F.3d at 678.  The court concluded that while Amendment 706 lowered the defendant's base offense level, it did not lower the sentencing range on which her sentence was actually based- a statutory mandatory minimum sentence of 120 months in prison.

The court also rejected the defendant's argument that 706 applied because her *initial* sentence was calculated based on the guidelines range now altered by the amendment.  The court reasoned that once the statutory minimum sentence was factored in, the initial guidelines calculation became academic, stating that:

> "A sentence is not 'based on' a range that Amendment 706 subsequently lowered for purposes of a § 3582(c)(2) motion if the defendant was ultimately sentenced pursuant to a statutory minimum, even if the district court initially calculated an otherwise applicable range that the amendment lowered."Poole, 550 F.3d at 679.

The court then went on to cite Note 1(A) from U.S.S.G. § 1B1.10 and affirm the defendant's sentence, concluding that the district correct was correct that it lacked jurisdiction to revisit the defendant's sentence when her sentence was based on a statutory mandatory minimum.  Poole, 550 F.3d at 679.

In the instant case, Defendant's situation is that of the defendant in Poole.  Defendant was sentenced not based on a guideline range altered by Amendment 706, but rather the sentence was based on the statutory mandatory minimum.  Thus, this court lacks jurisdiction to revisit Defendant's sentence and a reduction in sentence would be otherwise inconsistent with U.S.S.G. § 1B1.10 and

therefore not authorized under 18 U.S.C. § 3582(c)(2).  Defense counsel's Motion to Withdraw as Counsel (#119) is GRANTED.

IT IS THEREFORE ORDERED THAT:

(1)    The Motion to Withdraw as Counsel (#119) filed by defense counsel Beckett is GRANTED and Defendant is allowed to proceed in this matter pro se.

(2)    Defendant shall file with this court, no later than 30 days of the date of this Order, a pleading that either (a) concedes that the Amendment does not apply because he was sentenced based on a statutory mandatory minimum, or (b) explains why the Amendment applies in spite of the sentence being based on the statutory mandatory minimum.

ENTERED this 28th day of May, 2009.

_____ s/Michael P. McCuskey _____

MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE