# United States District Court

# Memorandum

DATE:     February 4, 2019

FROM:     **Mary J. Kennedy**

         **Supervisory United States Probation Officer**

SUBJECT:  **Edward M. Douglas, CD/IL Docket No. 02-20040**

TO:       Chief U.S. District Judge James Shadid



1. On June 6, 2003, Edward M. Douglas was sentenced to a term of 168 months in Count 1, Distribution of five or more grams of cocaine base "crack," and to a term of life imprisonment in Count 2, Distribution of fifty or more grams of cocaine base "crack."

2. On January 7, 2019, a Motion for Imposition of a Reduced Sentence pursuant to Section 404 of the First Step Act was filed by the defendant. On January 10, 2019, the defendant's motion was allowed. The defendant's imprisonment sentence was reduced to time served in Counts 1 and 2. The Court also imposed a 6-year term of supervised release in Count 1, and a concurrent 8-year of supervised release in Count 2. The Court further scheduled a hearing for review and imposition of additional conditions of supervised release for February 21, 2019.

3. During his incarceration, Mr. Douglas was assigned to the laundry where he consistently received outstanding work reports. He earned his GED on May 12, 2011. He completed many additional educational courses including: Criminal Thinking Psychology, Music Orientation Class, Maintenance, Mathematics, Lean Basics, Safety, U.S. History, Victim Impact Awareness, Repairs, Business Writing, Listening Skills, Flag Football Officiating, Effective Time Management, Decision Making Skills, Data Entry Operator, Receptionist Certificate, Balancing Work and Family, Basic Communication, Conflict Interventions, Computer Aided Instructor Orientation, Abdominals, Yoga, Commercial Driver's License, Mock Internet Job Search, Building Trades, Sports Officiating Classes, History of John Adams, Law Library Orientation, Keyboarding, Health Fair, Job Skills, Job Fair, Job Fair Interview, Wellness, Step Aerobics, Smart Money (modules 1-10), Everyday Math, Softball Official, Legal Research, Flag Football Referee, and Parenting. This information was verified by the Bureau of Prisons.

4. Mr. Douglas was found guilty of Threatening Bodily Harm on May 8, 2007, while housed in the Bureau of Prisons. He received 1-month loss of visitation and phone privileges and 15 days

       disciplinary segregation (suspended 90 days). He paid his special assessment in full. This information was verified by the Bureau of Prisons.

5. Mr. Douglas currently resides with his mother, Vera Douglas, at 6252 S. Shore Park Court, Chicago, Illinois. His supervised release term is being supervised by the Northern District of Illinois, Chicago, Illinois.

6. It is recommended that the Court impose the following conditions pursuant to the Federal Rules of Criminal Procedure 32 (i)(1)(C).

7. **The defendant shall not knowingly leave the judicial district without the permission of the court or probation officer.** In accordance with *U.S. v. Thompson*, this condition is an administrative requirement and is a necessary incident of supervision.

8. **The defendant shall report to the probation officer in a reasonable manner and frequency directed by the court or probation officer.** In accordance with *U.S. v. Thompson*, this condition is an administrative requirement and is a necessary incident of supervision.

9. **The defendant shall follow the instructions of the probation officer as they relate to the defendant's conditions of supervision. Any answers the defendant gives in response to the probation officer's inquiries as they relate to the defendant's conditions of supervision must be truthful. This condition does not prevent the defendant from invoking his Fifth Amendment privilege against self-incrimination.** In accordance with *U.S. v. Thompson*, this condition is an administrative requirement and is a necessary incident of supervision.

10. **The defendant shall notify the probation officer at least ten days prior, or as soon as knowledge is gained, to any change of residence or employment which would include both the change from one position to another as well as a change of workplace.** In accordance with *U.S. v. Thompson*, this condition is an administrative requirement and is a necessary incident of supervision.

11. **The defendant shall permit a probation officer to visit him at home or any other reasonable location between the hours of 6 a.m. and 11 p.m., unless investigating a violation or in case of emergency. The defendant shall permit confiscation of any contraband observed in plain view of the probation officer.** Pursuant to 18 U.S.C. § 3603(2) and (4), the U.S. Probation Officer is statutorily required to keep informed of the conduct and condition of a person under supervision. The U.S. Probation Officer must conduct visits with the person on supervision in his home or elsewhere to meet these statutory requirements. Pursuant to 18 U.S.C. § 3553(a)(1) and (2), in order to protect the public from further crimes of a person under supervision, the U.S. Probation Officer must be allowed to confiscate any contraband in plain view. The defendant has two prior felony drug convictions. In the instant federal case, he was involved in the distribution of crack cocaine. Home

visits are necessary to observe the defendant in his home environment. The supervision officer will be able to detect further law violations and have contact with those who he lives with to inquire about the defendant's activities.

12. **The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.** Pursuant to 18 U.S.C. § 3603(2) and (4), the U.S. Probation Officer is statutorily required to keep informed of the conduct and condition of a person under supervision. Pursuant to 18 U.S.C. § 3553(a)(1) and (2), in order to protect the public from further crimes of a person under supervision, the U.S. Probation Officer must be aware of any contact the supervisee has with law enforcement to determine if he is involved in criminal activity. This condition is necessary for the supervising officer to immediately address new law violations if they occur.

13. **The defendant shall not knowingly be present at places where controlled substances are illegally sold, used, distributed, or administered.** In the instant federal case, the defendant was involved with distribution of crack cocaine. The defendant has prior drug-related convictions. If the defendant is committed to leading a law-abiding life, he must separate himself from those involved in criminal activity.

14. **The defendant shall not knowingly meet, communicate, or otherwise interact with any person whom he knows to be a convicted felon or to be engaged in, or planning to engage in, criminal activity, unless granted permission to do so by the probation officer.** The defendant has a history of possessing and selling drugs. The condition will allow the supervision officer to effectively supervise and monitor the defendant given his long history of drug use.

15. **You shall not purchase, possess, use, distribute, or administer any controlled substance or psychoactive substances that impair physical or mental functioning except as prescribed by a physician. You shall participate in a program for substance abuse treatment as approved by the U.S. Probation Office including not more than six tests per month to determine whether you have used controlled substances. You shall abide by the rules of the treatment provider. You shall pay the costs of the treatment to the extent you are financially able to pay. The U.S. Probation Office shall determine your ability to pay and any schedule for payment, subject to the court's review upon request.** The defendant has prior convictions for drug-related offenses. He completed drug education while housed in the Bureau of Prisons. Although he denied any history of drug use, this condition will assist him being able to successfully reintegrate into society while on supervised release. This condition will allow the defendant and the supervision officer to implement a plan to adequately address his any drug usage and make any necessary treatment referrals.